PILLOW *v.* KING.

Decided February 20, 1892.

1. *Practice in Supreme Court—Defense to appeal.*

Under section 1305 Mans. Dig., which provides that an appellee "may plead any fact or facts which renders the granting of the appeal or writ of error improper, or destroys the appellant's right of further prosecuting the same," an appellee may plead that, since the appeal was taken, a court of another State has rendered a judgment in appellee's favor which settles against appellant the rights asserted here.

2. *Jurisdiction of equity—Land in another State.*

A court of equity in another State, having acquired jurisdiction over the persons of the parties to the suit, may compel the restoration of a deed for the conveyance of land in this State which had been fraudulently destroyed.

3. *Judgment—Res judicata.*

A decree of a court of chancery refusing to compel restoration of a deed of land because the consideration has not been paid will not bar an action to recover the land itself; and where the court's attention is directed solely to the question whether the consideration of a deed was paid, a finding of such court that the deed was *executed* without consideration will not imply a finding that the deed had been *delivered*.

APPEAL from *Lee* Circuit Court in chancery.

MATTHEW T. SANDERS, Judge.

*John B. Jones* for appellant.

The decree in the Tennessee case is not *res adjudicata*, and does not estop appellant from prosecuting this appeal. The title to lands must be determined by the courts of the State where the lands lie. 27 Ark., 486; 15 How., 244; 7 C. E. Green, 115; 1 Hawks, 365; 6 Pet., 399; Story, Conf. Laws, sec. 543; Cooley, Const. Lim., 491–2; 1 Black on Judg., 240; 38 Ill., 316. The delivery of the deed was the issue in Tennessee case, and it directly involved the title to the land in controversy, and is not binding on Mrs. Pillow.

2. No formal act of delivery is necessary. If the deed is so disposed of as to evince clearly the intention that it is to take effect as a deed, it is sufficient. 36 Minn., 276; 41 Iowa, 33; 3 Wash. on Real Pr., 257. See further as to acts and proof of delivery. 15 Wend., 545; 9 Allen, 102. If both parties are present, and the contract is to all appearances consummated, it is a complete and valid deed, notwithstanding the grantor retains it. 7 Barb., 176; 19 *id.*, 453; 20 Fed. Rep., 467; 30 Miss., 97; 85 Ind., 254; 35. Wis., 666; 4 Me., 25. A deed once delivered cannot be defeated by any subsequent act. 22 Ark., 488; Wash., R. P., 256; 91 Ill., 605. When a deed is found in the hands of the grantee, a delivery is presumed. 3 Wash., Real Pr., 263; Martindale on Convey., sec. 213; 91 Ill., 605. Numerous witnesses sustain appellant. King is sustained by none. The delivery of the deed passed the title.

3. The maker of a deed reciting a valuable consideration cannot show that the consideration was not paid, to defeat the deed. 3 Washb., R. P., 327; Martindale, Conv., pp. 72–3; 2 Hill, 554; 16 Wend., 461; 10 Ga., 273; 19 How., 211; *Hatch* v. *Bates*, 54 Me.; 102 Mass., 541.

It is immaterial whether the consideration was paid or not. 35 Iowa, 461; 31 Barb., 371; 32 Mich., 380.

*W. G. Weatherford* for appellee.

1. The effort in the Tennessee case was to *compel* appellee to execute a deed and not to decree title to lands in.

Arkansas.   The court had jurisdiction of the parties, and was competent to compel King to execute the deed, and hence had jurisdiction, and its decision as to the execution and delivery of the deed is final, and the appeal should be dismissed under sec. 1305 Mansf. Dig.   That the Tennessee court had jurisdiction, see Pom. Eq., secs. 108, 112, 1044, 1053; Kerr on Frauds, 275 ; Story, Eq. Jur., sec. 254 ; 44 Ga., 155; 1 Gr. Ch., 229; 6 Cr., 159; 6 Wheat., 558; 95 U. S., 714; 16 Pet., 25; 10 Wall., 464; 7 Baxt., 537; 45 Ark., 189; 141 U. S., 105.   The decision of the Tennessee court is conclusive and bars this appeal.   Herm. on Estoppel, secs. 122, 124, 125.

2.   The burden was on appellant.   The substance of the case made by the pleadings must be proved.   2 Dan., Ch. Pl. & Pr., 853.   Reviews all the evidence, and contends that neither delivery nor payment is shown.   Delivery is a question of interest; two elements are essential.   First, it must be placed within grantee's control.   Second, with the *grantor's intent* that it shall be beyond his power of control and operation.   6 S. W. Rep., 823 ; 30 Miss., 55 ; 56 *id.*, 383 ; 4 Wis., 356 ; 96 Ind., 412; 99 *id.*, 28 ; 79 Ill., 548; 10 Lea, 315 ; 3 *id.*, 579.   See, also, 83 Ill., 267; 1 Head, 574; 1 Devlin on Deeds, secs. 262, 308; 3 Tenn. Chy., 492 ; 1 Head, 576 ; 19 Barb., 243.   Whenever the grantor has a right to recall it, there has been no delivery.   1 Devlin on Deeds, sec. 282; 19 Barb., 243.

*James P. Brown* also for appellee.

1.   If the Tennessee court had jurisdiction, the rights of these parties have already been settled, and there is nothing left for the courts to decide.   It certainly had jurisdiction, not to *adjudicate the title* to lands in Arkansas, but *in personam* in cases of contract, fraud or trust.   Mrs. Pillow's prayer was that King be required to *execute another deed* in lieu of the one destroyed.   The Tennessee court certainly had jurisdiction to do this, and, having decided against her, the question is *res judicata*.   Herman on Estoppel (2d ed.),

secs. 514, 519, and note; 24 Oh. St., 621; Pom., Eq. Jur., sec. 298; Story, Eq. Jur. (10th ed.), secs. 743, 744, 899, 1290–1300; Dan., Chy. Pr., 1627 (5th ed.); Perry on Trusts (3d ed.), secs. 71, 72; 1 Vesey, 444; 6 Cr., 148; 100 Mass., 267; Hopk., Chy., 213; 9 Paige, 280; 2 Paige, 402, 606; 45 Ark., 189; 16 S. W. Rep., 469.

2. There never was a delivery of the deed, but if delivered the recited consideration was never paid. Mrs. Pillow's own conduct is weightier than the testimony of her witnesses.

HEMINGWAY, J.. King brought this suit against Mrs. Pillow in the Lee circuit court on the 27th of October, 1888, for an accounting and to set aside, as a cloud upon his title, a deed to lands in that county, purporting to have been executed from him to her in July, 1886, which she had caused to be recorded.

She filed her answer on the 20th day of July, 1889, and disclaimed any right to the land by virtue of the deed assailed in the complaint; she set up title to the land under a deed which, as she alleged, King executed and delivered to her in November, 1885, in satisfaction of a debt of ten thousand dollars; she alleged that, before the deed under which she claims was recorded, King fraudulently got possession of and destroyed it; she. made her answer a cross-bill, joined in the prayer of the original complaint for an accounting between King and herself, and prayed that she be declared the owner of the land in Lee county by virtue of the deed made in 1885.

King for answer to the cross-bill admitted that in 1885 an instrument signed and acknowledged by him had been drafted for a conveyance from him to Mrs. Pillow, and that it recited a consideration of ten thousand dollars; but he denied that it had been delivered or that there was any valuable consideration for it. On the contrary, he alleged that it was testamentary in character, to be delivered to Mrs. Pillow only in the event that he should die without

otherwise disposing of it. On a final hearing upon the pleadings and proof, the court found that the conveyance relied upon by Mrs. Pillow was without consideration and had never been delivered; and decreed that the cross-complaint be dismissed, and that the prayer of the original complaint be granted. Mrs. Pillow has appealed, and con-- tends that the court erred in its finding and decree upon the cross-complaint, but does not complain of the court's action upon the original complaint. We may dismiss from view the original complaint and treat the cause as if it arose upon the cross-complaint and answer thereto.

The deed which King sought to cancel included land in Shelby county, Tennessee, and he, soon after bringing this suit, instituted a similar one in the chancery court of that county to cancel the deed as a cloud upon his title to the land there. Mrs. Pillow filed an answer and cross-bill in that case similar to those in this, disclaiming any right to the land there under the deed assailed, but setting up the execution, delivery and subsequent destruction of the deed relied upon in this case, and praying that King be required to execute another deed in lieu of the one destroyed. King appeared to the cross-bill and filed the same answer, in substance, as in this case. There being no claim asserted by her to the Tennessee property, the court granted the prayer of the original bill, but dismissed the cross-bill for want of jurisdiction of the subject matter. Mrs. Pillow appealed, and, upon a final hearing in the Supreme Court of Tennessee, it was adjudged that the chancellor erred in refusing to entertain jurisdiction of the subject matter, but that Mrs. Pillow's prayer that King be required to execute her a deed in lieu of the one destroyed could not be granted, because her allegation that she had paid for the land was not true, whereas, in fact, no consideration had been paid by her therefor.

This decree of the Tennessee Supreme Court having been rendered after the trial of this cause in the court below, the appellee filed his answer in this court setting out said decree, and moved the court to affirm the judgment below because

1. What defense may be made to appeal.

the issues herein involved are therein adjudged against her. In support of said answer and motion, a transcript of the pleadings and judgment in said cause has been filed, and there is no controversy as to the facts arising thereon. To sustain the right of the appellee to avail himself of the Tennessee judgment by answer in this court and motion to affirm, he cites us to section 1305, Mansf. Dig., which is as follows: "The appellee may, by answer filed and verified by himself, or agent, or attorney, plead any fact or facts which renders the granting of the appeal or writ of error improper, or destroys the appellant's right of further prosecuting the same, to which answer the appellant shall file a reply, likewise verified by affidavit of himself, agent or attorney, and the questions of law or fact thereon shall be determined by the court." He contends that the Tennessee judgment, pending this appeal, destroyed appellant's right to further prosecute it ; and if, in fact, that adjudication settles against her the rights asserted here, we are of opinion that it may be availed of in the manner attempted. *Bolen* v. *Cumby*, 53 Ark., 515.

2. Jurisdiction of equity.    It is therefore necessary to determine whether the Tennessee judgment is conclusive as to the rights involved in this cause. The appellant insists that it is not, because that court proceeded without jurisdiction, and because the facts found and the right adjudged in that suit are not the same as in this. The only defect in jurisdiction relied upon is that the lands are situate without the limits of Tennessee ; otherwise jurisdiction seems to be conceded.

In order to determine either matter urged to defeat the motion, we must determine what the subject matter of that suit was ; and looking to the pleadings and judgment filed to support the motion, we conclude that the subject matter was the right of Mrs. Pillow to invoke the aid of a chancery court to compel King to execute a deed in lieu of one he had executed and fraudulently destroyed—that is, to restore an evidence of title of which he had fraudulently deprived her. In effect, the matter relied upon was an al-

leged equitable obligation resting upon the conscience of
King, who was within the court's jurisdiction; and the court
was asked to adjudicate it and to enforce its performance by
action upon the person of King. No adjudication was asked
as to the title of the land, but the extent of the relief sought
was the restoration of an evidence of title, of which it was
alleged King had fraudulently deprived the plaintiff. What
title the deed conveyed was not at issue ; how a restoration
of the deed would affect the title the court was not asked
to decide. The wrong complained of was the fraudulent
destruction of an evidence of title, and the relief sought
was the restoration thereof. As King was within the
jurisdiction of the Tennessee court, we think it had juris-
diction to adjudicate the right asserted; and if it found the
equitable obligation to exist, it could afford a remedy by
acting upon his person.

In the case of *Massie* v. *Watts*, 6 Cranch, 160, Chief Jus-
tice Marshall says: "In a case of fraud, of trust, or of
contract, the jurisdiction of the court of chancery is sus-
tainable wherever the person be found, although lands not
within the jurisdiction of that court may be affected by the
decree." And in a very recent case, Chief Justice Fuller
said: "The real estate was situated in Tennessee and gov-
erned by the law of its *situs*, and while by means of its
power over the person of a party a court of equity may in
a proper case compel him to act in relation to property not
within its jurisdiction, its decree does not operate directly
upon the property nor affect the title, but is made effectual
through the coercion of the defendant, as, for instance, by
directing a deed to be executed or cancelled by or on be-
half of the party." *Carpenter* v. *Strange*, 141 U. S., 105 ;
see *Pickett* v. *Ferguson*, 45 Ark., 189; *Burnley* v. *Stevenson*,
24 O. St., 474; *Williams* v. *Fitzhugh*, 37 N. Y., 444.

Being of opinion that the Tennessee court had jurisdic-    3. Conclusive-
tion of the case before it, and assuming, without deciding, ment.  of judg-
that its judgment is conclusive in this case as to the right
adjudged and the facts found, we proceed to inquire what

was adjudged and what was found in that case. The transcript of the judgment shows that it was adjudged that " Mrs. Pillow is entitled to no relief upon her allegation that she purchased and paid for the plantation, but that the deed under which she claims was executed without consideration, and that no consideration was in fact paid therefor." The relief which she sought was the restoration of a deed;. and that she was not entitled to it was the only matter adjudged by ths court. She is not now asserting that right nor seeking that relief; but asserting the right to hold the land under the deed destroyed, and asking that it be sustained. It is obvious that the right now asserted was not adjudged there.

The court found that she had not paid for the old deed and held—upon the established rule of chancery courts to award their remedies only in accordance with equity and good conscience—that she had no standing in equity to demand a new deed; but this rule does not demand that vested rights be disregarded or overturned when found to have grown up without the sanction of equity and good conscience, and the court did not (because Mrs. Pillow paid nothing for the deed) adjudge that she took nothing by it. The failure to make such payment was deemed sufficient to turn her out of a court of equity when she demanded its aid to furnish her an evidence of her title; the extent of her rights under the deed, without such evidence, was not at issue or determined.

The only issue of fact determined was of the payment of the consideration recited in the deed; whether that is conclusive in this case we need not determine, for upon the evidence before us we reach the same conclusion.

It may be said that the recital that the deed was executed without consideration implied a finding that it had been delivered; but we do not think the word " executed " was used in this sense. The court was considering her right to relief upon her allegation that she had bought and paid for the land, and was directing its finding to that one allegation ;.

the question of delivery had not been referred to and was evidently not in the mind of the court. While a reference to an instrument as executed would imply a delivery if the words were accurately used, so would a reference to it as a deed; and yet we often speak of an undelivered instrument as a deed when the question of delivery is not under consideration, and so no doubt the Tennessee court spoke of the deed being executed, when it was considering only the question of payment. We are convinced that the Tennessee court did not deem it necessary to determine the question of delivery, and that it is open for determination in this cause. The extent of that judgment is, therefore, a finding that Mrs. Pillow had not paid for the land, and an adjudication that for this reason she could not demand that King restore the burnt instrument; and if it be operative as an estoppel to its fullest extent, it cannot go beyond this. *Russell* v. *Place*, 94 U. S., 606; *Dawson* v. *Parham, ante,* p. 286.

But if it be true, as found by the Tennessee court, that she had not paid the amount of the recited consideration, the recital of a valuable consideration is conclusive between the parties of that fact. *Carmack* v. *Lovett,* 44 Ark., 180; *Galbreath* v. *Cook,* 30 Ark., 417.

It follows that if the deed was in fact delivered, Mrs. Pillow acquired rights in the land denied her in the decree below, and is entitled to a reversal. The question of delivery being vital in this case and not having been found by the Tennessee court, we are of opinion that the judgment below cannot be affirmed nor the appeal dismissed upon the judgment estoppel relied on.

So at last the question must be decided from the evidence, was the deed delivered? As to it there is a conflict in the evidence which cannot be reconciled.*

There has been so much of deceit, evasion and misrepresentation in the dealings of the parties, that it is doubtful whether the truth can ever be ascertained. But the burden

---

*By consent of the judge who delivered the opinion, the discussion of the evidence upon this point is omitted.—REP.

is on Mrs. Pillow to satisfy us that the title is not as the record indicates. In this she has failed. There is one witness that testifies against interest, under no influence of bias or partiality—her own conduct with reference to the land; its evidence is consistent and unequivocal, and disproves the claims she now asserts. It contradicts and discredits her witnesses, who testify to the delivery of the deed, as well as herself. Upon this state of the proof, we are by no means satisfied of the delivery, and cannot find that it was made.

It follows that there was no error in dismissing her crossbill, and as there was no resistance to the relief sought on the original bill the judgment is affirmed. ·