CHURCH *v.* GALLIC.

Opinion delivered July 29, 1905.

1. APPEAL—RIGHT TO PROSECUTE—RES JUDICATA.—Under Kirby's Digest, § § 1227, 1228, providing that an appellee may, by motion or answer, raise the question of the appellant's right to prosecute an appeal further, an appellee may plead that since the appeal was taken a court of competent jurisdiction has settled against appellant the rights asserted on the appeal. (Page 425.)

2. JUDGMENT—CONCLUSIVENESS.—A judgment of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or could have been interposed in the suit. (Page 426.)

3. SAME—FORMER RECOVERY.—A judgment in ejectment upholding a certain deed may be pleaded in bar of the further prosecution of a suit in equity between the same parties to cancel the same deed, though the equity suit was first begun. (Page 426.)

4. FORMER SUIT PENDING—WAIVER.—The defense of a former suit pending is waived by failure to plead it. (Page 426.)

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Judge.

Appeal dismissed.

### STATEMENT BY THE COURT.

Appellant, Mahala Church, was the owner of the property in controversy, certain real estate in the City of Hot Springs, and on December 22, 1890, by warranty deed duly executed, acknowledged and recorded, reciting a cash consideration of $500, she conveyed this property to Lula Oborg. Appellee, Gallic, claims the property under the last will of Lula Oborg. Mrs. Church remained in possession of the property, and commenced this suit in equity against Gallic in 1901 to cancel said deed, alleging that she intended to execute only a testamentary paper, and, being illiterate, did not know that she executed a deed, and that she had continuously remained in actual, open and exclusive adverse possession of the property, claiming it as the owner, since the execution of the deed, a period of more than seven years. Gallic appeared by his solicitor, and answered the complaint, asserting title in himself under said deed and the last will of Lula Oborg, and denying all the allegations of the complaint concerning fraud or mistake in the execution of said deed. He also denied that the plaintiff had held adverse possession of the property, but alleged that she occupied the premises as tenant at will of Lula Oborg.

The cause was heard upon the pleadings and depositions, and a final decree rendered dismissing this complaint for want of equity, and the plaintiff appealed to this court.

After the appeal was taken in this case, appellee Gallic brought an ejectment suit against Mrs. Church in the circuit

court of Garland County for recovery of possession of said premises. A trial of that cause was had, which resulted in a judgment in favor of the plaintiff therein, Gallic, for the possession of the property. An ineffectual effort was made by Mrs. Church to take an appeal to this court from that judgment, which failed by reason of the bill of exceptions not being signed by the presiding judge and filed in due time. She then filed her suit in chancery for relief against this judgment, and on final hearing that complaint was dismissed for want of equity, and on appeal the decree was affirmed. *Church* v. *Gallic,* 75 Ark. 507.

The judgment in the ejectment suit, having become final, is now pleaded by appellee in bar of appellant's right to prosecute this appeal.

*James E. Hogue,* for appellant.

*R. G. Davies,* for appellee.

The issues in this case have become *res judicata* by virtue of the decision in the ejectment suit.

McCULLOCH, J., (after stating the facts.) The statute regulating appeals to this court and the practice in disposing of same provides that an appellee may, by motion to dismiss or answer, raise the question of the appellant's right to further prosecute an appeal. Kirby's Digest, § § 1227, 1228.

An appellee may plead in this court that since the appeal was taken a court of competent jurisdiction has, by judgment duly rendered, settled against the appellant the rights asserted in the case on appeal. *Pillow* v. *King,* 55 Ark. 633. The fact that the suit on appeal was commenced first in point of time and in a different court from that in which the subsequent judgment was rendered does not obviate the bar in such adjudication. The pendency of the first action might have been pleaded in the second suit in bar of the right to maintain the same, but, if not pleaded, or if, after the plea is amended, judgment upon the merits of the controversy in the second suit is allowed to become final, it is a bar to further prosecution of the first suit.

"The fact that a judgment was obtained after the commencement of the suit in which it is pleaded does not prevent its being a bar. It is the first judgment for the same cause of action that constitutes an effective defense, without regard to the order of

time in which the suits were commenced. Hence it follows that a prior judgment upon the same cause of action sustains the plea of a former recovery, although the judgment is in an action commenced subsequent to the one in which it is pleaded." 2 Black on Judgments, § 791; *Finley* v. *Hanbest,* 30 Pa. St. 190; *David Bradley Mfg. Co.* v. *Eagle Mfg. Co.,* 57 Fed. 980.

In *Daniel* v. *Garner,* 71 Ark. 484, this court said: "Under the statutes of this State a defendant, when sued at law, must make all the defenses he has, both legal and equitable. If any of his defenses are exclusively cognizable in equity, he is entitled to have them tried as in equitable proceedings, and for this purpose to a transfer of the cause to the equity docket or chancery court, as the case may be." *Horsley* v. *Hilburn,* 44 Ark. 458; *Reeves* v. *Jackson,* 46 Ark. 272.

A judgment of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or which could have been interposed in the suit. *Ward* v. *Derrick,* 57 Ark. 500.

All of the rights and matters asserted in this suit by appellant could have been adjudicated in the ejectment suit, or she could have pleaded the pendency of this suit in bar of appellee's right to maintain that suit. Having failed to do either, she is barred by the final judgment in that case from seeking further to adjudicate the question in this case. Her right to prosecute this appeal has, on that account, ceased, and the same must be dismissed. It is so ordered.

BATTLE, J., absent.