MORSE BROTHERS LUMBER COMPANY v. F. BURKART MANU-
FACTURING COMPANY.

Opinion delivered October 23, 1922.

1. APPEAL AND ERROR—SUPERSEDEAS BOND—JUDGMENT.—Sureties on the supersedeas bond of defendants become in legal effect parties to the suit, and in case of affirmance judgment may be rendered against them by the Supreme Court without notice to them.

2. EXECUTION—STAY BOND.—Sureties on a supersedeas bond executed by defendants appealing from a judgment for plaintiff, having made themselves parties to the suit by signing a supersedeas bond, are defendants within the statute relating to stay of execution in the hands of an officer.

3. EXECUTION SURETIES ON SUPERSEDEAS BOND CANNOT SIGN STAY BOND AS SURETIES.—Sureties on a supersedeas bond, having become defendants to the action by signing defendants' supersedeas bond, cannot as sureties sign a bond to stay execution on the judgment against them, but may sign as principals.

Appeal from Pulaski Circuit Court; *Archie F. House*, Judge; motion to quash stay bond denied.

*Rogers, Barber & Henry*, for appellants.

*Poe & Poe*, for appellee.

HART, J. F. Burkart Manufacturing Company recovered judgment in the circuit court against Jeter Morse and S. J. Morse, partners doing business as the Morse Brothers Lumber Company, in the sum of $2,466.76 for lumber sold to the defendants.

The defendants appealed to this court, and executed an appeal bond under the statute. The supersedeas bond was duly approved by the clerk of this court and a supersedeas was issued. The judgment of the circuit court was affirmed on June 26, 1922. *Morse v. Burkart Mfg. Co.*, 154 Ark. 362. On the 14th day of July, 1922, at

the request of the F. Burkart Manufacturing Company, an execution was issued by the clerk of this court against the defendants, including the sureties on their appeal bond. The defendants in the action and the sureties on their appeal bond filed a stay bond under the provisions of secs. 4294-4297 of Crawford & Moses' Digest.

The plaintiff, F. Burkart Manufacturing Company, has filed a motion to quash the stay bond.

In the first place, it may be stated that the sureties of the defendants on the supersedeas bond became in legal effect parties to the suit under our statute, and, in case of affirmance in such cases, judgment may be rendered against them by this court without notice to them. *White* v. *Prigmore,* 29 Ark. 208, and *Rogers* v. *Brooks,* 31 Ark. 194.

The sureties on the supersedeas bond having made themselves parties to the suit by entering into the appeal bond, are defendants within the terms of the statute relating to stay of execution in the hands of an officer. The statute provides that the defendants may give a stay bond, and, as we have already seen, the sureties on the appeal or supersedeas bond became defendants to the action by signing it.

The language of the statute authorizing a stay of execution by defendants giving bond as prescribed by the statute, does not limit the right of such stay to the circuit or chancery courts. To limit the right of stay to the lower courts which have jurisdiction to render original judgments and decrees would restrict the language of the statute within less than its ordinary and plain meaning. The sureties on the appeal bond having become defendants to the action by signing the same, cannot sign the stay bond as sureties, but must sign it as principals. The stay bond is defective in this respect, and leave will be given to the defendants, as defined above, to secure proper sureties on the stay bond, if they are so advised and desire to do so.

It follows that the motion to quash the stay bond will be denied.