LAYTON v. LINTON.

Opinion delivered June 18, 1923.

1. FORCIBLE ENTRY AND DETAINER—FORTHCOMING BOND—LIABILITY OF SURETY.—Where the plaintiff in an action of forcible entry and detainer executed the bond required by Crawford & Moses' Dig., § 4844, conditioned for the payment of all sums recovered by defendant, a summary judgment in favor of defendant against plaintiff and his surety without additional notice was authorized by § 4854, *Id.*

2. TRIAL—TRANSFER OF CAUSE—EFFECT OF IRREGULARITY.—Where an order transferring a cause pending in the circuit court to the chancery court was made and entered of record, and the original papers were transmitted to the chancery court, in which court the cause was docketed and the parties entered their appearance, jurisdiction was acquired, though the circuit clerk failed to make and transmit a certified transcript of the proceedings in the circuit court.

3. TRIAL—TRANSFER OF CAUSE—JURISDICTION.—Where a law case was transferred to equity on account of certain equitable issues which were subsequently eliminated, equity did not lose its jurisdiction where no motion was made for retransfer of the case.

Appeal from Marion Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*J. C. Floyd,* for appellant.

The judgment was obtained by fraud. Linton misled Childs, his attorney, and Layton, his bondsman, to believe he was not going to seek redress against them, and the judgment should be set aside. 15 R. C. L., pars. 214, 216; 51 L. R. A. 873; 23 Cyc. 1028 (h). *Pelham* v. *Moreland,* 11 Ark. 442; 15 R. C. L. 764, par. 216; 765, par. 217; 5 Pomeroy's Equity Jurisprudence, 2070-1.

The summary judgment rendered on motion of Linton's attorneys at the conclusion of the trial against Layton, without notice, is void. C. & M. Digest, 6250, 6252, 6257; 23 Cyc. 770 (c); 3 Ark. 488; 5 Pomeroy's Equity Jurisprudence, 4703-4, pars. 2084, 2085. No attorney represented Layton, and no notice or process was served upon him. 5 Pomeroy's Equity Jurisprudence, 2086, 2092, 2093; 30 L. R. A. 235, note 111. The court was without jurisdiction of the cause, which had not been properly transferred (C. & M. Digest, 2185); 23 Cyc. 993-4, note 68; 5 Pomeroy's Equity Jurisprudence, 2084-2087; 33 Ark. 778; 73 Ark. 333; 84 S. W. 77. Only a question of law determining the amount of damages was involved, and the chancery court acted without jurisdiction, and its judgment is void. C. & M. Digest, § 2185; 65 Ark. 503; 108 Ark. 147; 47 S. W. 407; 56 Ark. 391, 19 S. W. 1058; 113 U. S. 550; 2 Pomeroy's Equity Jurisprudence, pars. 679, 681, 735. Appellant is entitled to a permanent injunction against the collection of the void judgment.

*Sam Williams,* for appellees.

There was no agreement between Linton and Layton, Childs or his attorney, Owen, that no judgment should be taken against Layton, nor is it claimed that no defense was made because of such alleged agreement. 26 C. J. 1137, § 57; 95 Ark. 375; 74 Ark. 46; 71 Ark. 305; 31 Ark. 170; 30 Ark. 362; 19 Ark. 522; 8 Ark. 146. Layton knew before the judgment was rendered that Linton was insisting on a judgment against him. No sufficient showing made for vacation of judgment. C. & M. Digest, 6290, 6293; 139 Ark. 408; 120 Ark. 255; 138 Ark. 403; 102 Ark. 252; 104 Ark. 449; 94 Ark. 347; 90 Ark. 44; 84 Ark. 527; 83 Ark. 17; 50 Ark. 458. By signing the bond Layton became a party to the suit, and no further notice to him was necessary. C. & M. Digest, § 4854; 62 Ark. 469; C. & M. Digest, § 534, construed so in 37 Ark. 206; 29 Ark. 208. The cause was properly transferred to equity, and, having jurisdiction, the chancery court rightfully retained it to determine all rights and administer com-

plete relief. 34 Ark. 410; 29 Ark. 612; 99 Ark. 438. Appellant's remedy was by appeal in the other case.

HUMPHREYS, J. A suit in unlawful detainer was brought by W. A. Childs against I. N. Linton in the circuit court of Marion County. W. E. Layton was bondsman for W. A. Childs in said action. On motion of I. N. Linton, who had set up certain grounds of equitable relief against Childs and the Erie Ozark Mining Company, the circuit court made an order transferring the cause to the chancery court of said county, where the Erie Ozark Mining Company was made a party. The Erie Ozark Mining Company entered its appearance and filed an answer to the cross-complaint, and also a cross-complaint of its own, asking a cancellation of the original lease given to W. A. Childs, and subleases from him to I. N. Linton and others, upon the ground of forfeiture. W. A. Childs was represented by E. O. Owens and S. W. Woods, regular practicing attorneys at the bar. S. W. Woods testified that he did not appear in the chancery court, after the transfer of the case, because he understood from Owens that I. N. Linton would look alone for relief to the Erie Ozark Mining Company. E. O. Owens continued in the case after the transfer of the cause, and advised Childs, who had moved away, that it was necessary to take depositions to get ready for trial. Childs did not reply to his letters and thereby put him in position to proceed with the case, so he made a statement to that effect to the court, and was permitted to withdraw from the case. No pleadings were filed for Childs in the chancery court. The cause proceeded to a hearing upon issues jonied between I. N. Linton and the Erie Ozark Mining Company, which resulted in a rendition of a decree in favor of the Erie Ozark Mining Company against W. A. Childs and I. N. Linton. I. N. Linton then asked and obtained a judgment against W. A. Childs and his bondsman, W. E. Layton, for $1,000 in the unlawful detainer suit. An entry appears on the court's docket to the effect that objections were made and exceptions saved to

the entry of the judgment, and that an appeal was prayed therefrom to the Supreme Court. Before the judgment was entered, and during the progress of the case, J. C. Floyd, attorney for the Erie Ozark Mining Company, and Sam Williams, attorney for I. N. Linton, advised Layton that Linton was insisting on a judgment against him, and that he had better give the matter some attention.

This suit for a permanent injunction against the enforcement of said $1,000 judgment was brought by W. E. Layton to a subsequent term of said court against I. N. Linton, execution creditor, and C. A. Willingham, sheriff of Marion County, upon the four following alleged grounds: First, that I. N. Linton agreed with W. E. Layton, or with W. A. Childs, or his attorney, E. O. Owens, that no judgment would be taken against them, but that he would look alone to the Erie Ozark Mining Company for redress; second, that the judgment rendered against W. E. Layton was without notice and void; third, that the chancery court had no jurisdiction of the cause in which said $1,000 judgment was rendered; fourth, that the chancery court was without jurisdiction, after the equitable issues were eliminated, to render a judgment in a suit for unlawful detainer, which was purely legal in nature.

(1) E. O. Owens, attorney for Childs, testified that I. N. Linton stated to him, in front of the bank in Yellville, that he was not particularly after Mr. Layton, that he was after the Erie Ozark Mining Company. He admitted, however, that this statement did not influence him to withdraw from the case, and explained that he withdrew from the case because Childs would not write to him concerning it, so that he could prepare for the trial.

Mr. Layton testified that, during the pendency of the suit, I. N. Linton came to the bank and told him that he had matters so arranged as to give him no trouble on the bond; that, in reliance upon the statement, he made

no preparation for a defense and took no further interest in the case. I. N. Linton testified that he did not make the statement attributed to him by W. E. Layton.

Mr. J. C. Floyd and Sam Williams both testified that they called Mr. Layton's attention to the fact that I. N. Linton was insisting on a judgment against him and Childs.

The chancellor found there was no agreement, tacit or otherwise, between I. N. Linton and Childs or his attorney, or Layton, to the effect that he (Linton) would not seek redress or damages against Childs or his bondsman. Owens admits that he was not induced to withdraw from the case on account of the statement made by Linton. The statement attributed to Linton by Layton was vague. It was to the effect that he (Linton) had made arrangements whereby he would not bother him about the bond. Layton did not attempt to ascertain what arrangement had been made or to obtain a release from the bond on definite terms. Linton denied making the statement. In view of the conflict in the testimony upon this point, and of the warning given by J. C. Floyd and Sam Williams to Mr. Layton, we cannot say that the chancellor's finding against an express or tacit agreement not to look to the bond, was against the clear preponderance of the evidence.

(2) The judgment is not void because rendered without notice. The bond was conditioned for the payment of all sums recovered by defendant in the action for any cause whatever. Sec. 4844, Crawford & Moses' Digest. It is provided in § 4854 of Crawford & Moses' Digest that in "all cases where judgment is rendered either against the plaintiff or defendant, for any amount of recovery, damages, or costs, judgment shall also be rendered against his sureties in the bond given under the provisions of this act." In construing statutes covering attachment and supersedeas bonds containing provisions similar to the provision quoted above covering bonds in unlawful detainer suits, this

court ruled that a surety became a party to the suit by signing the bond, and subject to a summary judgment without additional notice. *Fletcher* v. *Menken,* 37 Ark. 206; *Morse Bros. Lbr. Co.* v. *F. Burkhart Mfg. Co.,* 155 Ark. 350.

(3). The point is made that the chancery court acquired no jurisdiction of this cause because the clerk of the circuit court of Marion County failed to make and transmit a certified transcript of the proceedings in said cause to the chancery court of said county. An order of transfer was made and entered of record by the circuit court. The original papers were transmitted to the chancery court, where the case was docketed. E. O. Owens, attorney for W. A. Childs, the plaintiff in the original suit and principal in the bond, appeared in the cause in the chancery court and obtained permission to withdraw from the case on the ground that his client had refused to communicate with him. The record shows that W. A. Childs and W. E. Layton objected to the rendition of the judgment against them in the chancery court, and prayed an appeal to the Supreme Court. Having appeared in the cause in the chancery court, all irregularities in making the transfer of the cause were waived by them.

(4) The last insistence of appellant for reversal is that all equitable issues were eliminated from the case when the issues raised in the pleadings between the Erie Ozark Mining Company and Linton and Childs were decided, and that the original suit in unlawful detainer should have been retransferred to the law court for trial. It is unnecessary to decide this question. Had a motion been made to retransfer the cause, and if proper to have done so, the failure would have constituted error for correction on appeal. This is a collateral attack, and is not a proceeding for the correction of mere errors in the rendition of the judgment. Such matters are not drawn in question in a collateral attack upon a judgment.

No error appearing, the decree is affirmed.