THOMPSON *v.* KIRK.

Opinion delivered July 7, 1924.

1. APPEAL AND ERROR—RULING DIRECTING VERDICT.—In testing a ruling directing a verdict for plaintiff, the evidence is to be considered in the light most favorable to defendant.

2. LANDLORD AND TENANT—RIGHT OF LANDLORD TO POSSESSION.— Where, in unlawful detainer, the undisputed evidence showed that the tenant failed to pay rent as agreed, that the landlord then made demand in writing for possession, as required by the statute, the landlord was entitled to possession.

3. LANDLORD AND TENANT—RIGHT TO JUDGMENT ON RETAINING BOND. —Refusal of the trial court in unlawful detainer to render judgment against the sureties on defendant's bond, given under Crawford & Moses' Dig., § 4847, to retain possession, *held* error.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; modified.

*Cooper Thweatt,* for appellant.

A contract of lease made orally is taken out of the statute of frauds when the lessee goes on the lands and, in compliance with the oral contract, makes valuable improvements thereon; 112 Ark. 562; 117 Ark. 500; 125 Ark. 393. The facts show an occupancy from year to year. 61 Ark. 377; 227 S. W. (Ark.) 593; 229 S. W. (Ark.) 20. A six months' notice was necessary to terminate the lease and dispossess appellant in 1923.

*Emmet Vaughan,* for appellee.

It is necessary, in order to take the case out of the statute of frauds, that the lessee must hold over under the consent of the landlord and must pay and the landlord receive a part of all of the rent. Nothing of this kind occurred in this case.

HART, J. This is an action of unlawful detainer brought in the circuit court by J. F. Kirk against A. K. Thompson to recover one-half acre of ground, on which is situated a storehouse occupied by the defendant.

There was a directed verdict in favor of the plaintiff, and, from the judgment rendered, the defendant has duly prosecuted an appeal to this court.

Inasmuch as there was a directed verdict in favor of the plaintiff, in order to test the ruling of the court on this point the evidence must be considered in the light most favorable to the defendant.

According to the testimony of A. K. Thompson, he made a verbal contract with J. F. Kirk in the fall of 1916, whereby he was to erect a store building on a half acre of ground belonging to Kirk, and occupy it for five years. After that he was to continue to occupy the store building as long as he pleased for an annual rental of $25. The storehouse cost him $350. He moved into it in December, 1916, and occupied it until November or December, 1921, which was the expiration of the five years. Kirk did not say anything about his continuing to occupy the building for the year 1922. It was understood that Thompson had it, and was to pay $25 for the year 1922. Along about Thanksgiving day, 1922, Thompson told Kirk that his health was bad, and that he would sell his business if he could do so. Kirk talked about buying him out; but, during Christmas week of 1922, Kirk informed Thompson that he would not purchase his stock of goods. Thompson continued to occupy the store building during the year 1923. Thompson owed Kirk $25 for the rent of 1922, and has never paid him any rent for that year. Thompson did not pay Kirk any rent for the year 1923. A written notice to quit, in the form provided by the statute, was served upon Thompson by Kirk in February, 1923. Thompson was notified to deliver possession of the premises to Kirk within three days after the service of the notice. Thompson refused to deliver possession of the premises, and Kirk instituted this action to recover possession of them. He gave the statutory bond required in a suit for unlawful detainer. Thompson gave bond to retain possession of the premises in the form prescribed by the statute.

Under this state of facts the court was correct in directing a verdict for the plaintiff. Our statute regulating the action of unlawful detainer confers upon a land-

lord the right to maintain it upon the refusal of the tenant to pay the rent when due and to quit possession upon demand in writing by the landlord. *Parker v. Geary,* 57 Ark. 301; *Lindsey v. Bloodworth,* 97 Ark. 541; *Texas Hardwood Lumber Co. v. Richardson,* 115 Ark. 28; *Hallbrooks v. Rosser,* 143 Ark. 559, and *Martin v. Stratton,* 157 Ark. 513.

According to Thompson's own evidence, he failed to pay the rent for the year 1922, and the undisputed evidence shows that Kirk made a demand in writing for the possession of the premises, as required by the statute. Hence the court properly directed a verdict in favor of the plaintiff for the possession of the premises.

The plaintiff has taken a cross-appeal. It is insisted by him that the circuit court erred in refusing to render judgment in his favor against the sureties on the bond of the defendant. The defendant gave a bond to retain possession of the premises, under § 4847 of Crawford & Moses' Digest. When the court rendered judgment in favor of the plaintiff against the defendant for the possession of the premises, it should also have rendered judgment against the sureties on the statutory bond of the defendant.

Section 4854 of the Digest provides that, in all cases where judgment is rendered against the plaintiff or defendant for any amount of recovery, judgment shall also be rendered against his sureties on the bond given under the provisions of the act.

The judgment will be modified so as to give the plaintiff judgment against the sureties on the statutory bond of the defendant as indicated, and, as modified, the judgment will be affirmed.