HINES *v*. MARTIN.

Opinion delivered January 9, 1928.

1. ATTACHMENT—LIABILITY UNDER FORTHCOMING BOND.—Where a suit and attachment proceedings were instituted against a tenant for rent, and the attachment was sustained and the property ordered sold, dismissal of the suit as to the tenant disclaiming interest did not operate as a dismissal and release of the forthcoming bond given by the sureties in the attachment branch of the case, though no personal judgment was taken against the tenant, the amount due being ascertained and declared a lien on the property attached, and hence defendant sureties, having become parties to the attachment proceeding by virtue of signing the forthcoming bond, were not released therefrom.

2. ATTACHMENT—FORTHCOMING BOND — LIABILITY OF SURETY. — A surety on a forthcoming bond in an attachment proceeding becomes a party to the proceeding and is bound by a judgment sustaining the attachment and ordering a sale of the property.

3. ATTACHMENT—FORTHCOMING BOND—JUDGMENT AGAINST SURETIES.—Where, in an attachment proceeding, defendants executed a forthcoming bond, and at a subsequent term proceedings were had for summary judgment against defendants, such proceeding was in effect a continuance of the original suit, and the defendants, being already parties to such suit, were not prejudiced by the rendition of the judgment which the court should have rendered in the original suit.

4. PRINCIPAL AND SURETY—CONCLUSIVENESS AGAINST SURETY OF JUDGMENT AGAINST PRINCIPAL.—In a suit on a forthcoming bond executed by defendants, in an attachment suit, bondsmen failing to interpose a defense in the original action against their principal are barred from interposing such defense in a suit on their bond.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Edward Gordon,* for appellant.

*Hays, Priddy & Rorex,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered at the November term, 1926, of the circuit court of Pope County in favor of appellee against appellants on a forthcoming bond executed by appellants in an attachment suit for rents brought to the April, 1925, term of said court by appellee against J. A. Hines. Omitting caption and style of case, the bond is as follows:

"We undertake and are bound to the plaintiff, L. G. Martin, in the sum of $533.36, that the defendant, J. A. Hines, shall perform the judgment of the court in this action or that he will have the property, to-wit, the crop of cotton of J. A. Hines grown during the year 1924, attached in this action, or its value, $533.36, forthcoming and subject to the orders of the court for the satisfaction of such judgment.

"In testimony whereof witness our hands this the 4th day of February, 1925.

"J. A. Hines,
"W. S. Austin,
"L. H. Austin."

In the original suit in which said bond was given it was alleged that appellee herein, L. G. Martin, rented J. A. Hines, one of the appellants herein, certain land for the year 1924 for one-fourth of the cotton and one-third of the corn raised thereon; that Hines raised fifteen bales of cotton and 250 bushels of corn on the land, the rentals being worth $533.36; that he removed the cotton and corn from the place without paying the rent, a part of the corn being stored in W. S. Austin's barn and a part of the cotton in the compress at Russellville. Summons and attachment were duly issued and served. After the cotton was attached, the appellants gave the forthcoming bond set out above and took possession of the cotton.

J. A. Hines and the other appellants herein, who were the sureties on the bond, made no defense to the action, although it appears that J. A. Hines was present in court during the trial of the cause. Testimony as to the rental contract, the amount of rent due, and to sus-

tain the ground of attachment, was introduced. At this juncture of the proceedings J. A. Hines disclaimed any interest in the cotton attached, and the suit as to him was dismissed. Based upon the testimony introduced, the court adjudged that appellee herein recover $533.36 as rent for the land, and sustained the attachment against eight bales of cotton which the sheriff had seized in said warehouse, and ordered a sale thereof, or so much as might be necessary to pay the amount. The attachment was sustained and sale ordered, under the belief that the cotton was still in the custody of the sheriff. After court adjourned the clerk issued an order of sale for the cotton, but the sheriff could not sell it because appellants had not returned it in accordance with the provisions of the forthcoming bond. Upon the sheriff's refusal to sell the cotton, appellee herein brought suit against him at the next, or November, term of said court, asking judgment for the amount of the debt, interest and costs. The sheriff filed an answer, alleging that he had received a forthcoming bond and released the cotton, stating that the bond had been lost, and requesting permission to file a copy thereof, which was granted. The original bond was found, however, and filed instead of the copy. When the original bond was filed, the court rendered a summary judgment against the bondsmen, the appellants herein, for the amount of the debt, interest and costs, and dismissed the suit as to the sheriff.

At the same term of court J. A. Hines, L. H. Austin, W. S. Austin and J. K. Austin filed a motion to set aside the judgment against the bondsmen, requesting permission to intervene in the original suit of L. G. Martin against J. A. Hines, so as to defend upon the ground that J. A. Hines was only a share-cropper of J. K. Austin, and that Austin was to pay the rent to Martin, and was only to pay $12.50 per acre. The intervention was filed interposing that defense, and at the April term of court, 1926, the court set aside the summary judgment rendered on said bond against J. A. Hines, W. S. Austin and L. H. Austin, and ordered that summons be issued against

them, and that the cause be continued until the first day of November, 1926, term of said court. During the November, 1926, term of court, all parties being present in person and by attorney, the cause was submitted upon the pleadings and the evidence relative to the manner in which the original judgment was rendered and the subsequent proceedings had and done. The court refused to hear testimony in support of the defense offered by the bondsmen, to the effect that J. A. Hines had rented the land from J. K. Austin, the father of W. S. Austin, and J. K. Austin had rented the land from W. S. Austin before W. S. Austin sold his lease contract to the plaintiff, L. G. Martin, and that J. A. Hines had agreed to pay J. K. Austin $12.50 per acre for the land, and that he paid said amount to his landlord in accordance with the terms of the contract. Appellants objected, and excepted to the action of the court in excluding this evidence. The court then rendered a judgment on the forthcoming bond, from which is this appeal.

Appellants contend for a reversal of the judgment upon the ground that the dismissal of the original suit against J. A. Hines was in effect a dismissal and release of the forthcoming bond. We do not understand that the dismissal of the suit as to J. A. Hines included the dismissal of the attachment proceeding. The bond was given in the attachment branch of the case. The attachment was sustained, and the cotton attached was ordered sold, but the sheriff could not sell it because it had been turned over to appellants under the forthcoming bond. It is true no personal judgment was taken against J. A. Hines for the amount of rent due, but the amount due was ascertained and declared a lien upon the cotton. J. A. Hines and his bondsmen were not released from the forthcoming bond, and, by virtue of having signed said bond, were parties to the attachment branch of the case. A surety on a forthcoming bond in an attachment proceeding becomes a party to the attachment proceeding. *Fletcher* v. *Menken,* 37 Ark. 206; *Morse Bros. Lbr. Co.* v. *Burkhart Mfg. Co.,* 155 Ark. 350, 244 S. W. 350; *Layton*

v. *Linton,* 159 Ark. 529, 252 S. W. 21; *Dent* v. *Farmers' & Merchants' Bank,* 162 Ark. 325, 258 S. W. 322. Being parties to the attachment proceeding they were all bound by the judgment sustaining the attachment and ordering a sale of the cotton. Under this judgment it was their duty to return the cotton to the sheriff. It was also their duty to interpose any and all defenses which they had to the action of Martin in the original suit, and, failing to do so, they were barred from afterwards interposing any defenses which they had at that time. The court should have rendered a judgment in the first suit against appellants under the forthcoming bond, but it seems at that time that the sheriff had forgotten that the forthcoming bond had been executed, and the fact that such a bond had been issued had not been called to the attention of the court. The proceeding at the November term against the sheriff and the summary judgment rendered against the bondsmen was in aid and in reality a continuation of the first suit. The bondsmen were already parties in the suit by virtue of having executed the bond, and were in no wise prejudiced by the rendition of judgment against them at the November term, which the court had a right to enter, and should have entered, in the original judgment. The suit against the sheriff brought to the November term was in substance a motion in the original suit for a summary judgment upon the bond against the bondsmen.

The court did not err therefore in refusing to entertain the defense tendered by the bondsmen against the suit upon the bond. They were barred from interposing the defense by having failed to set up their defense in the original action. *Church* v. *Gallic,* 76 Ark. 423, 88 S. W. 979; *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S .W. 973; *Taylor* v. *King,* 135 Ark. 43, 204 S. W. 614.

No error appearing, the judgment is affirmed.