KRUMMEN *v.* McVEY.

4-7860                                    194 S. W. 2d 442

Opinion delivered May 20, 1946.

*M. F. Elms,* for appellant.

*W. A. Leach,* for appellee.

SMITH, J. C. H. and Essie B. McVey are husband and wife, and occupied in that relation, a house in the city of Stuttgart, belonging to Ed Krummen, who brought unlawful detainer to recover possession of the house, and judgment for the rent past due and unpaid. Only McVey, the husband, was named as a defendant in

the complaint. It was alleged that the house had been rented to McVey at a monthly rental of $17.50, and had been occupied for thirteen months without payment of rent, and that $227.50 was due as such.

Statutory notice to vacate was given, and when it was not complied with, this suit was filed, and upon the execution of the bond provided for by statute in such cases a writ of possession issued. The bond named both Mr. and Mrs. McVey as defendants. The writ of possession which issued directed the Sheriff to "take from the possession of the defendants above named, Mr. and Mrs. C. H. McVey" the described property, and to deliver the possession thereof to the plaintiff, Krummen, with a proviso that "If, however, the defendants desire to retain possession of said land and premises, you will give five days in which to give bond and retain the same as provided by law." The writ directed the Sheriff "to summon the said defendants to answer within twenty days after service of this writ upon them, a complaint filed against them in said court by Ed Krummen and warn them that upon their failure to answer the complaint will be taken for confessed. And you will make due return of this writ and summons."

Without filing any pleadings, Mrs. McVey entered into a stipulation upon which the cause was submitted to and heard by the trial judge, by consent, sitting as a jury, from which stipulation the following facts are copied. "It is agreed that the defendant, C. H. McVey, rented from the plaintiff, Ed Krummen, the house and premises involved in this action at a stipulated monthly rental of $17.50 per month; that the said C. H. McVey is the husband of Mrs. C. H. McVey and that they were living together as husband and wife up until the filing of this suit, or near thereabouts; that said house was occupied by them under said rental agreement until about the time this suit was filed, at which time the said C. H. McVey left the defendant, Mrs. C. H. McVey, and the city of Stuttgart, and has been gone at all times since.

"At the time of the filing of this action by the plaintiff there was then delinquent and unpaid rents on said house and premises in the sum of $227.50.

"Upon the filing of this action the defendant, Mrs. C. H. McVey, executed a cross-bond, which is a part of the record in this case. Said bond was signed by Sarah Kline and Henry Oliver as sureties, and is in words and figures as follows, to-wit," the bond is then copied, its condition being that ". . . if the said Ed Krummen shall recover judgment for the possession of said property in said action the said Mrs. C. H. McVey shall deliver the possession thereof to the said Ed Krummen and shall satisfy any judgment that may be rendered against her therein then this bond shall be void; otherwise to remain in full force and effect."

Mr. McVey's name is not mentioned in this bond, and Mrs. McVey did not execute it as a surety, but executed it in her own name as a principal, and two persons signed the bond as her sureties.

Proceedings in unlawful detainer are provided for and regulated by the statute which appears as Chapter 71, Pope's Digest, entitled, "Forcible Entry and Detainer." This statute provides a remedy by which a landlord may evict a tenant who fails and refuses to pay the rent reserved in the contract of tenancy. Pursuant to this statute, notice was given to the tenant, who had failed to pay his rent, to vacate the rented property, and when the tenant refused and failed to vacate the property, the complaint was filed, which § 6039, Pope's Digest (a part of Ch. 71), authorizes, and the affidavit required by that section was made, and a bond conditioned, as required by § 6040, Pope's Digest, was filed, and the writ of possession above referred to was issued. This writ named Mrs. McVey as a defendant although she had not been named as such in the complaint.

Section 6044, Pope's Digest, a part of Ch. 71, reads as follows: *"Bond of defendant to retain possession.* If the defendant shall desire to retain possession of such premises, he shall signify the same to the officer, who

shall give the defendant five days in which to execute a bond in an amount equal to the bond given in such action by the plaintiff, with sufficient security to be approved by such officer, conditioned that he will deliver possession of the premises to the plaintiff, if the plaintiff recover in the action, and satisfy any judgment the court may render against him in the action. If such bond be given and delivered as above required, the officer shall leave the possession of such premises with the defendant, and shall return such bond with the writ into court.''

When the writ was served, Mrs. McVey did not vacate the property, but elected to remain in its possession, and was enabled to do so by the execution of the bond above referred to, for which § 6044, Pope's Digest, provides. She continued in possession of this property by virtue of this bond, until the trial of the cause in the court below, a period of two months, for which time she offered at the trial to pay $35, the amount of two months' rent. The plaintiff demanded judgment for the full amount of rent due, to the date of the trial, which judgment the court refused to render, but did render judgment for two months rent, and from that judgment the plaintiff landlord has appealed.

Section 6050, Pope's Digest, also a part of Ch. 71, provides that: *"Judgment for plaintiff—effect.* If, upon the trial of any action under this act, the finding or verdict is for the plaintiff, the court or jury trying the same shall assess the amount to be recovered by the plaintiff for the rent due and withheld at the time commencement of suit and up to time of rendering judgment, or the value of the use and occupation or of the rents and profits thereof during the time the defendant has unlawfully detained possession, as the case may be, and damages for withholding the same, or the damages to which said plaintiff may be entitled on account of the forcible entry and detainer of such premises, and thereupon the court shall render judgment in favor of the plaintiff for the recovery of such premises, and for any amount of recovery that may be so assessed, and, if possession of the premises has not already been delivered to

the plaintiff under the writ first issued, shall cause a writ of possession to be issued commanding the officer to whom directed to deliver to the plaintiff the possession of the premises, and to levy of the goods, chattels, land and tenements of the defendant the amount of recovery that may have been assessed as aforesaid, together with costs, or, in case possession has already been delivered, shall award the plaintiff execution as in case of judgment in personal action.''

If and when the plaintiff recovers a judgment for possession, he is entitled to a judgment not only for the rent due when the suit was filed, but for the rent due at the time of the rendition of the judgment, and is entitled also to a summary judgment for the amount of such rent against the sureties on the bond of the defendant, under and by virtue of which the possession had been retained. *Layton* v. *Linton,* 159 Ark. 529, 252 S. W. 21; *Thompson* v. *Kirk,* 165 Ark. 218, 263 S. W. 402.

Section 6058, a part of Ch. 71, provides that: "*No cross-action.* No cross-action or actions for the recovery of the possession of premises in litigation by the defendant, or any person claiming under him, against the plaintiff or his lessee shall be brought under this act during the pendency of the first action. Provided, however, that nothing herein shall preclude such party from instituting and prosecuting an action of ejectment for the premises during the pendency of an action under this act.''

Now while Mrs. McVey was not named as a party defendant in the complaint, she made herself such when she executed a bond which only a defendant was authorized to give. But for this bond, it would have been the duty of the Sheriff, five days after the service of the writ of possession, to have evicted Mrs. McVey from the premises, but by virtue of her bond, she continued in possession, and was not dispossessed. She did not execute the bond as the surety of her husband, but executed it in her own name, a right which only a defendant could exercise. Of her own volition, she obtained and exer-

cised a right which the statute gives only to a defendant in the case. It was held in the case of *Burgess* v. *Poole,* 45 Ark. 373, that by voluntarily becoming a party to a pending suit, one becomes bound by the result as much as if he had been an original party.

Under the sections of the statute from which we have quoted, the plaintiff who prevails in an unlawful detainer case is entitled to a summary judgment against the sureties on the retainer bond executed by the defendant. The statute reads: ". . . and thereupon the court shall render judgment in favor of the plaintiff for the recovery of such premises and for any amount of recovery that may be so assessed." This means; of course, the recovery that should be and is finally assessed.

We held in the case of *DeClerk* v. *Spikes,* 206 Ark. 1004, 178 S. W. 2d 70, to quote a headnote, that: "Where appellant intervened in the forcible entry action against S and kept the case in court while she adjudicated her claim for title in the ejectment action she will be required to abide the consequences of unsuccessful litigation."

Here the recovery was only for $35, but it should have been for all the rent due at the time of the trial, and the judgment will be reversed and the cause remanded with directions to award damages in the full amount of the rent due at the time of the trial, to-wit: the sum of $264.50, and judgment will also be rendered against the sureties on the retaining bond for that amount.

The Chief Justice did not participate in the consideration or determination of this case.