Thomas and Catherine JANUARY *v.*
MASOUMEH-PARIVASH

CA 90-246                                    795 S.W.2d 934

Court of Appeals of Arkansas
En Banc
Opinion delivered October 3, 1990

*Pettus Law Firm*, by: *James H. Bingaman*, for appellants.

*Davis, Cox & Wright*, by: *Tim E. Howell*, for appellee.

PER CURIAM. The motion to file a belated brief is granted.

MELVIN MAYFIELD, Judge, dissenting. The majority of this court, without written opinion, has today granted a motion allowing a belated brief to be filed on behalf of the appellee in this case. I dissent because (1) the motion filed by an attorney who I believe is not authorized to represent the appellee, but even if he is, (2) his motion clearly shows that there is no good, valid, or equitable reason to allow his brief to be filed late.

An affidavit by the attorney, filed in support of his motion, states:

> Our law firm was retained on approximately March 22, 1990, by Employers Mutual Insurance Company, which had posted a $13,000 bond on behalf of the appellee, Masoumeh-Parivash. Our firm was requested to see what we could do to assist the appellee on appeal.

The motion to file the belated brief states: "The appellee . . . by counsel . . . requests permission to file a belated brief. . . ." While the motion does not say that counsel has authority to represent the appellee, it does leave the impression. However, the affidavit makes it clear that counsel was actually employed by the company which posted the bond. Counsel does not tell us why he thinks he is authorized to file a brief for appellee, but apparently he relies upon the following provision in the indemnity agreement between the appellee and the company which posted the bond for appellee:

> THIRD, that the Surety shall have the right and is

hereby authorized but not required: (a) to adjust, settle or compromise any claim, demand, suit, or judgment upon said bond, continuations or renewals thereof, unless the Indemnitors shall request said Surety to litigate such claim or demand, or to defend such suit *or to appeal from such judgment,* and shall deposit with the Surety satisfactory collateral sufficient to pay any judgment or judgments rendered or that may be rendered, with interests, costs, expenses and attorneys' fees;. . . . (Emphasis added.)

I will agree that the above provision does grant the surety authority *to appeal from the judgment,* but I cannot agree that it authorizes the surety to employ an attorney *to represent the appellee.*

The affidavit filed by counsel helps to clarify another point. It states that after counsel's law firm was retained by the surety company, counsel spoke with Mr. Jones, the attorney for appellee, "who informed me" that he "did not intend to represent her any further." Counsel's affidavit then states: "Since this case had already been finally adjudicated at the trial court level, it was my intention to attempt to enter an appearance with this court upon being notified by Mr. Jones that this transcript and appeal had been docketed." Thus, it is clear that the attorney who filed the motion asking that "the appellee" be allowed to file a belated brief has known from the time he was employed that he would have to obtain court permission to file a brief to argue appellee's side of this case.

The case was started with a complaint by the appellants against the appellee. The appellants alleged they had leased a commercial building to the appellee, that the lease had expired and appellee had not complied with the requirements necessary to extend the lease, that the appellee had "unlawfully detained" the property, and that appellants were entitled to a writ of possession and judgment for rent and damages. In order to retain possession of the property pending trial, the appellee posted the surety bond (referred to above) for $13,000. The trial court found for the appellants in an amended judgment entered on March 8, 1990. The appellants are appealing that judgment because the court did not award them treble damages. The notice of appeal was filed on March 9, 1990. The record of appeal was filed in this court on

June 8, 1990, and appellants' brief was filed on the date due, July 18, 1990.

Terry Jones, who represented the appellee in the trial court, has filed in the appellate court a "Statement of Intent Not to File a Responsive Brief." In this statement Mr. Jones states that upon the date the trial court rendered its decision, the appellee expressed her outrage at the decision, told Mr. Jones he was fired, and promised never to pay him for the services he had rendered. Mr. Jones states that appellee has been true to her word and that he does not know where she is or how to contact her. He also says that counsel for the surety company has spoken with him on several occasions. Jones says that at one time he told counsel he would forward appellants' appeal documents to counsel. However, he said he did not do so because counsel said he would file a motion to intervene for the surety company and Jones assumed this would "position him as a party" and he would receive "appeal documents duplicating mine."

Under the circumstances in this case, the trial court probably would have allowed the surety company to intervene in that court even after the judgment appealed from was entered, provided the motion to intervene was timely filed. *See UHS of Arkansas, Inc.* v. *City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988); *Bank of Quitman* v. *Phillips*, 270 Ark. 53, 603 S.W.2d 450 (Ark. App. 1980). The trial court's judgment was entered on March 8, 1990, notice of appeal was filed the next day, and counsel for the surety company says he was retained March 22, 1990. Since the record on appeal was not filed until June 8, 1990, the surety company had over two months in which to petition the trial court for permission to intervene as a party. This, of course, assumes that the trial court would have jurisdiction to allow the intervention up to the time the record was filed in the appellate court. I think it had that jurisdiction. *See Andrews* v. *Lauener*, 229 Ark. 894, 318 S.W.2d 805 (1958). However, even if it did not, I think we would have jurisdiction to allow the surety company to intervene in this court. 4 Am. Jur. 2d *Appeal and Error* § 200 (1962) points out that some jurisdictions "sustain the right of a surety to appeal from a judgment against his principal on the theory that the surety is bound by the judgment, in the absence of fraud or collusion, and is therefore a party aggrieved." And while the bond here was not a supersedeas bond, the situation is

analogous and our supreme court has held that sureties on a supersedeas bond have made themselves parties to the suit by entering into the bond. *Morse Brothers Lumber Co.* v. *Burkart Manufacturing Co.*, 155 Ark. 350, 244 S.W. 350 (1922).

In sum, I think the attorney who filed the motion asking that the appellee be given permission to file a belated brief in this court does not represent the appellee, and the motion should be denied for that reason. But even if that motion asked that the surety company be allowed to file a brief in this court, I think it should be denied as it was not timely filed. According to his own affidavit, counsel was told on March 27, 1990, that Mr. Jones did not intend to represent the appellee in this appeal; however, counsel took no action to obtain permission to file a brief in behalf of the appellee's position until August 31, 1990, when he filed the motion in this court asking for permission to file a belated brief. This was 14 days after the appellee's brief was due, and under the circumstances, I find no good, valid, or equitable reason to grant the motion.

CRACRAFT, J., joins in this dissent.